# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHRISTOPHER JONES, | ) | 3:16-CV-0399-MMD (VPC) |
| | ) | |
| Plaintiffs, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | September 15, 2017 |
| | ) | |
| BRUCE BANNISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT: <u>THE HONORABLE VALERIE P. COOKE</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>LISA MANN</u>   REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

    Before the court is plaintiff's motion to revisit screening order (ECF No. 15). Defendants, Romeo Aranas, Isidro Baca, Candis Brockway, Sheryl Foster, Johnathan Perry, and Ashley Randolph (defendants), opposed the motion (ECF No. 16), and plaintiff replied (ECF No. 21). The court construes plaintiff's motion as one for clarification of the screening order regarding Count III of his complaint (ECF No. 4).

    As recounted in the screening order, plaintiff alleges the following in Count III:

    On February 19, 2015, plaintiff was discussing the condition of his tooth with a new dentist and told that dentist, "your predecessor left a lot 'in my opinion' to be desired." (ECF No. 1-1 at 20.) Randolph, the x-ray technician, chastised plaintiff for his personal remarks about another dentist. (*Id.*) Randolph told plaintiff, "I would appreciate it if you did not make such comments." (*Id*. at 21). Plaintiff and Randolph exchanged some remarks and, at one point, plaintiff attempted to diffuse the situation. (*Id.*). When Randolph seemed to want to escalate the conversation, plaintiff stopped speaking. (*Id.*)

    On February 20, 2015, Randolph wrote a false notice of charges against plaintiff alleging G1 and G18 delaying, hindering, and interfering with staff. (*Id.* at 22.) At his disciplinary hearing, plaintiff pleaded "not guilty" to the charges. (*Id.*) The hearing officer dismissed both charges and stated: "Neither the G1 [nor] the G18 are supported in this OIC. By Ms. Randolph's written

statement, [plaintiff] stopped talking and left the dental lab when instructed." (*Id.*)

Plaintiff filed grievances to have the notice of charges expunged. (*Id.* at 23.) Baca and Foster denied the grievances. (*Id.*) The charges remained part of plaintiff's record. (*Id.*) Although plaintiff's record states, "dismissed," the parole board can still see the false charges and weigh it either positively or negatively in their discretion. (*Id.* at 25).

Although plaintiff characterizes his claims as violations of the First and Fourteenth Amendments, the court construed them as claims for due process and retaliation (ECF No. 4 at 8-11). Plaintiff asks the court reinstate his "free standing" First Amendment claims in addition to the retaliation and due process claims. The court declines to do so because plaintiff's retaliation claim is, by its very nature, a *First Amendment* retaliation claim. *See* ECF No. 4 at page 10, line 27-28: 11:1-11. It is redundant to split the claim into two parts because a prerequisite to a retaliation claim is that the plaintiff engaged in a protected conduct; in this instance, free speech. The elements of a First Amendment retaliation claim clearly contemplate this concept. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004).

Based upon the foregoing, plaintiff's motion to revisit screening order (ECF No. 4 is **DENIED**.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By: /s/
Deputy Clerk