UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>                       Plaintiff,<br>     v.<br>BRUCE BANNISTER, *et al.*,<br><br>                       Defendants. | Case No. 3:16-cv-00399-MMD-VPC<br><br>ORDER |

**I.    SUMMARY**

Plaintiff Christopher A. Jones initiated this action under 42 U.S.C. § 1983 to assert claims based on alleged events that occurred while he was incarcerated at the Northern Nevada Correction Center. Plaintiff filed two objections to Judge Cooke's pretrial rulings. (ECF Nos. 100, 103.) The Court has reviewed Defendants' responses to these objections. (ECF Nos. 102, 105.) For the reasons discussed herein, Plaintiff's objections are overruled.

**II.    RELEVANT BACKGROUND**

Following screening under 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed on the five claims alleged in the initial complaint—deliberate indifference to serious medical needs (Counts I, II), due process violations (Counts III, IV), and retaliation (Count V). (ECF No. 4.) Plaintiff then twice moved to amend his complaint—the first motion was to assert an additional retaliation claim (Count VI) and the second motion was to add an additional defendant. (ECF Nos. 34, 55.) The Court granted both motions. (ECF Nos. 36, 63.)

On April 12, 2018, about a month after the Court granted Plaintiff's second motion to amend and after close of discovery,[1] Plaintiff filed a third motion to amend ("Motion to Amend") to add Karen Gedney, who was inadvertently omitted as a named defendant, and to assert a claim for discrimination under the Americans with Disabilities Act ("ADA").[2] (ECF No. 86.) Defendants did not oppose Plaintiff's Motion to Amend as to Gedney, but opposed the Motion to Amend as it relates to the addition of an ADA claim. (ECF No. 91.) Plaintiff also filed a Motion for Court Appointed Expert that Defendants opposed. (ECF Nos. 59, 67.)

Judge Cooke held a hearing on May 24, 2018,[3] and issued oral rulings denying the Motion for Court Appointed Expert and denying Plaintiff's Motion to Amend in part. (ECF No. 97.) Judge Cooke granted leave to amend to add Karen Gedney as a named defendant but denied leave to amend to assert an ADA claim. (*Id.*)

### III. LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate judge, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095,

///

---

[1]The discovery deadline had been extended to March 26, 2018. (ECF No. 47.)

[2]Plaintiff explained the basis for his Motion to Amend in his simultaneously filed motion to modify the scheduling order. (ECF No. 85.)

[3]The hearing addressed other motions that are not at issue here. (ECF No. 97.)

2

1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

## IV. ECF NO. 100

### A. Plaintiff's Motion for Court Appointed Expert (ECF No. 59)

Plaintiff has not demonstrated how Judge Cooke's decision to deny his request to appoint an expert is clearly erroneous or contrary to law. In fact, there is no legal mechanism for the Court to appoint an expert for Plaintiff. Plaintiff's *in forma pauperis* status does not extend to cover professional fees of an expert. *See* LSR 1-7 ("The granting of an application to proceed *in forma pauperis* does not relieve the applicant of the responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915.")

Plaintiff argues that Judge Cooke made a clear error when she failed to consider the complexity of the deliberate indifference to medical needs claim in Count I. Plaintiff cites to *Griffin v. Aranas, et al.*, No. 3:16-cv-00309-MMD-VPC, as an example of the complexity of cases raising Hepatitis C issues. (ECF No. 100 at 6.) However, *Griffin* is distinguishable because the Court did not appoint an expert for plaintiff in that case.

### B. Motion to Amend (ECF No. 86)

In seeking leave to amend, Plaintiff asserts that Count I supports an ADA claim in that Plaintiff "is a qualified individual with a disability; has been excluded from participation in or denied benefits of a public facilities' services [] or discriminated against; and by reason of a disability." (ECF No. 85 at 3.) Accepting Plaintiff's contention at face value, Plaintiff's ADA claim is based on allegations in the initial complaint. However, Plaintiff fails to demonstrate good cause for his delay in seeking amendment after close of discovery, particularly given the fact that he had twice been given leave to amend.[4] Plaintiff cannot

///

---

[4] Plaintiff argues that Judge Cooke did not issue a proper order because the minute order does not explain the basis for her rulings. (ECF No. 100 at 5.) However, Plaintiff does not dispute that Judge Cooke orally explained her rulings after hearing from the

3

1 show that Judge Cooke's decision to deny his Motion to Amend is clearly erroneous or
2 contrary to law.

**V.    ECF NO. 103**

Plaintiff objects to Judge Cooke's minute order denying his renewed motion to compel. (ECF No. 103.) Judge Cooke's order noted that Defendants provided supplemental responses to many of Plaintiff's discovery requests after the parties met and conferred, and found that Defendants' responses to the remaining disputed requests were sufficient. (ECF No. 99.) Plaintiff's objection fails to explain how Judge Cooke's rulings are clearly erroneous or contrary to law. Accordingly, Plaintiff's objection is overruled.

**VI.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Plaintiff's objections.

It is therefore ordered that Plaintiff's objections (ECF Nos. 100, 103) are overruled.

DATED THIS 31st day of July 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

parties. In fact, Plaintiff references Judge Cooke's finding of prejudice to Defendants by his delay in seeking to amend after close of discovery. (*Id.* at 6–7.)